IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHAN C. OESER,

    Plaintiff,

  v.

RANDY ASHFORD,

    Defendant.
                           /

No. C 07-01154 WHA

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

### INTRODUCTION

In this tort action, defendant United States, acting on behalf of Randy Ashford, moves to dismiss *pro se* plaintiff Nathan Oeser's complaint for lack of subject-matter jurisdiction as to plaintiff's sole claim. For the following reasons, defendant's motion to dismiss is **GRANTED**. Accordingly, plaintiff's entire complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may timely refile in accordance with the requirements outlined below.

### STATEMENT

On January 18, 2007, plaintiff filed a standard "Claim and Order to Go to Small Claims Court" form in Contra Costa County Superior Court. Plaintiff alleged that defendant's postal truck had crashed into his truck on September 25, 2006. Plaintiff originally named

Randy Ashford, postmaster, as the defendant.* On February 27, 2007, defendant removed the action to federal court on the ground that the claim was against a federal defendant. Upon removal, defendant certified that Randy Ashford was acting in the scope of his federal duties and that pursuant to 28 U.S.C. 2679(d) the United States was therefore "automatically substituted [as the defendant] for Randy Ashford" (Notice of Removal 2).

Defendant filed this motion to dismiss arguing that this Court lacks subject-matter jurisdiction over plaintiff's tort claim because plaintiff failed to exhaust his administrative remedies by first filing a claim with the appropriate governmental agency. As such, defendant seeks to dismiss plaintiff's entire complaint without prejudice. Plaintiff did not file an opposition to defendant's motion. On April 13, the Court ordered plaintiff to appear at the April 26 hearing to show cause why his case should not be dismissed. Plaintiff failed to appear at the hearing.

**ANALYSIS**

"Without jurisdiction [a district court] cannot proceed at all in any cause . . . . The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (internal citations omitted).

The United States, as a sovereign, cannot be sued without its consent. The terms of its consent define the "court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Torts Claim Act provides for a claim against the United States for injuries caused by the tortious activity of a federal employee when the employee is "acting within the scope of his office or employment." 28 U.S.C. 1346. Under the FTCA, however, a plaintiff suing the United States must first satisfy a jurisdictional

---

* Although it was not indicated on the removal papers, plaintiff also named the "U.S. Post Office" as a defendant (Compl. 2). For the reasons explained below, however, this addition is of no consequence for the purposes of resolving this motion because both defendants will be treated as a single defendant, the United States.

2

1 prerequisite. 28 U.S.C. 2675. The Ninth Circuit has been consistently strict in its adherence to
2 this requirement:

> A tort claimant may not commence proceedings in court against the United States without first filing [a] claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made. We have repeatedly held that this "claim requirement of Section 2675 is jurisdictional in nature and may not be waived."

*Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (internal citations omitted).

"[S]ection 2675(a) requires the claimant or his legal representative to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984). Since this requirement is a prerequisite to filing the complaint, the plaintiff must affirmatively allege compliance with this exhaustion requirement in the complaint. Absent the plaintiff's affirmative allegations of such, the district court must dismiss the complaint for lack of subject-matter jurisdiction. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (finding exhaustion requirement must be "affirmatively alleged in the complaint" to give court subject-matter jurisdiction to hear claim). The district court, however, should make every effort to liberally construe a *pro se* litigant's pleadings in his or her favor. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

This order finds that plaintiff did not satisfy the pleading requirements in this case. Nowhere in the complaint did plaintiff affirmatively allege the requisite Section 2675 administrative exhaustion. In one question on the standard-pleading form, plaintiff was asked whether he was "suing a public entity." The question's subsection informed plaintiff of the importance of this distinction: if he was suing a public entity he was required to first file a *written claim* with that entity and wait until the claim was denied or no answer was received within the requisite time period. The question provided a space for plaintiff to put the date he filed an agency claim, if applicable. Despite listing the "U.S. Post Office" as a defendant, plaintiff marked the box indicating that he was not suing a public entity and did not address

whether he had filed a written claim with an agency (Compl. 2–3). Given the opportunity to affirmatively allege compliance with Section 2675, plaintiff failed to do so.

While his response to another of the form's inquiries is also worth noting, it too fails to rise to the level of Section 2675 compliance under the relevant Ninth Circuit authority. *See Gillespie*, 629 F.2d at 640; *Warren*, 724 F.2d at 780. Plaintiff was asked whether he had asked "the Defendant (in person, in writing, or by phone) to pay before [he] sue[d]." Plaintiff indicated that he had made this request — by checking the box marked "yes" — but did not provide any further details as to the nature of the request (Compl. 3). Simply alleging that he made this request is insufficient. *See Gillespie*, 629 F.2d at 640. The nature of the question leaves open the possibility that plaintiff made this request "in person . . . or by phone." Under the Ninth Circuit's holding in *Warren*, plaintiff must have made this request *in writing*. 724 F.2d at 780. Nowhere on the complaint did plaintiff so allege. Additionally, when presented with an opportunity to rebut defendant's claims in this motion, plaintiff failed to file an opposition addressing the exhaustion requirement or appear at the hearing. Without plaintiff's opposition or appearance, this order has no further evidence that plaintiff actually complied with the exhaustion requirements. As such, this order finds that plaintiff did not affirmatively allege compliance with the Section 2675 exhaustion requirements in the complaint as required by the Ninth Circuit. *See Gillespie*, 629 F.2d at 640.

## CONCLUSION

In all, because the complaint does not properly allege that plaintiff exhausted his administrative remedies as to his only claim and because plaintiff failed to respond to the government's exhaustion argument, this order **DISMISSES** plaintiff's complaint in its entirety **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: May 1, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4